[Cite as *State v. Hale*, 2017-Ohio-1079.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. Willliam B. Hoffman, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2016-0034 |
| NICHOLAS A. HALE | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County Court of Common Pleas, Case No. CR2016-0005

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:    March 23, 2017

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

D. MICHAEL HADDOX            DAVID A. SAMS
Prosecuting Attorney              Box 40
Muskingum County, Ohio         W. Jefferson, Ohio  43162

By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Hoffman, J.*

**{¶1}** Defendant-appellant Nicholas Hale appeals his sentence entered by the Muskingum County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1].

**{¶2}** On June 21, 2016, Appellant was found guilty of one count of assault on a corrections officer, a fifth degree felony, for conduct occurring while in jail under a multi-count indictment.[2] On June 22, 2016, the trial court sentenced Appellant to the maximum twelve month prison term.

**{¶3}** Appellant appeals, assigning as error:

**{¶4}** I. THE PROSECUTION ERRED TO APPELLANT'S PREJUDICE DURING SENTENCING.

**{¶5}** In the sole assignment of error, Appellant asserts the prosecutor engaged in misconduct by making a number of biblical references during the sentencing hearing.

**{¶6}** In support of his argument, Appellant cites *State v. Arnett*, 88 Ohio St.3d 208, 2000-Ohio-0302. It is clear religion may not be the sole basis of action against a defendant. *U.S. v. Bakker* (4th Cir. 1991), 925 F 2d 728. In *Arnett*, the Ohio Supreme Court held if the sentence is supported by law, then the use of scripture by the trial court does not violate a defendant's due process rights.

**{¶7}** At the sentencing hearing, the prosecutor stated on the record prior to sentencing,

---

[1] A rendition of the underlying fact is unnecessary for resolution of this appeal.
[2] Appellant was separately indicted for one count of vandalism, which conduct also occurred while Appellant was held in jail.

He then got on the stand and tried to hide behind a fig leaf of Jesus' sandals causing him to trip. And despite that sermon, the jury found him guilty. The state believes he needs to go to prison where he can work in the kitchen on the loaves and dishes [fishes?].

In this particular circumstance I'm willing to cast the first stone.

***

And he literally was turning water into whine [wine?].

That leaves the question WWJD, what will the judge do? And in this case, despite Mr. Hale's hopes, I don't think that his cell will be opening on the third day. There is no way that his sins are going to be washed away in this circumstance. So, ultimately, after he made at least three denials here on the stand, the jury was able to see through this. I'm not asking that he be crucified or flagellated. No one is going to be casting lots for his clothing, but he has got to pay for his crimes. And anything less than maximum sentence would be like the three kings leaving out the frankincense.

Trial Tr. at 2-3.

**{¶8}** In sentencing, the trial court stated on the record,

THE COURT: The court, of course, heard the trial and the jury did find you guilty of the offense of assault upon a corrections officer. The court also took a brief look at your history. You have at least four prior felony

convictions. You were in the jail based upon a numerous count indictment, which included nine felonies of the first degree, two felonies of the second degree, gun specifications, weapon under disability, and other charges. Since you have been in the jail, this is the first of two indictments against you for incidents in the jail. This one being assault on a corrections officer. The other one being vandalism.

*** 

Based upon that, the court finds that you performed this offense while being incarcerated. The court finds that you have prior convictions. The court finds that you did commit this offense against a correction officer in the performance of his duties. Therefore, the court will impose a 12-month sentence in this case. ***

Sentencing Tr. at 5-6.

**{¶9}** In sentencing Appellant, the trial court considered his four prior convictions, and Appellant having committed the offense while jailed on a numerous count indictment, including nine first degree felonies, two second degree felonies, gun specifications, weapons under disability, and other charges. Appellant committed the offense against a corrections officer while in the performance of his duties. In addition, Appellant was found in contempt during the proceedings before the trial court.

**{¶10}** Appellant concedes nothing in the record indicates the trial court relied upon the prosecutor's remarks. More significantly, the trial court did not refer to religion in any manner during sentencing.

**{¶11}** In *State v. Marcum*, 146 Ohio St. 3d 516, 521, 59 N.E.3d 1231, 1235–36, 2016-Ohio-1002, the Ohio Supreme Court held, "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges" as set forth in *Kalish* (citation omitted.) Instead, "appellate courts must adhere to the plain language of R.C. 2953.08(G)(2)." *Marcum* at ¶ 7. Accordingly, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1.

**{¶12}** Appellant's sentence of twelve months for the charge of assaulting a corrections officer, a felony of the fifth degree, is not contrary to law. Appellant has not demonstrated, but for the alleged prosecutorial improper statements,[3] his sentence would have been otherwise than imposed.

**{¶13}** Appellant's sole assignment of error is overruled.

**{¶14}** The judgment entered by the Muskingum County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur

---

[3] We need not determine whether the prosecutor's religious analogies were appropriate or improper.